J-S22018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SVETLANA USTINOVA | : | |
| Appellant | : | No. 344 EDA 2022 |

Appeal from the Order Entered December 15, 2021
In the Court of Common Pleas of Monroe County Civil Division at No(s):
4613-CV-2020

BEFORE:    BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                 **FILED FEBRUARY 22, 2023**

In this guaranty contract matter, Svetlana Ustinova (Appellant) takes this counseled appeal from the order entered in the Monroe County Court of Common Pleas, granting summary judgment in favor JP Morgan Chase Bank, N.A (Bank).[1]  Appellant avers the trial court erred in granting summary judgment where: (1) discovery was not completed; (2) the guaranty contract was ambiguous, and this issue of ambiguity should have been submitted to a jury to resolve; (3) the contract was unconscionable because Appellant did not fully understand its terms; (4) the contract was impossible to perform;

_____

[1] On the following day, December 16, 2021, the trial court also entered judgment in favor of Bank in the amount of $204,685.86.

and (5) parol evidence should have been admitted to show she did not understand the terms of the contract. We affirm.

## I. Procedural History

We summarize the relevant pleadings. On August 27, 2020, Bank commenced by instant action by filing a complaint, which averred the following: on July 31, 2017, Best Video Studio LLC (Borrower) executed a "Promissory Note," in favor of Bank, for the amount of $200,000. On the same day, Appellant executed a "Commercial Guaranty" (the contract), which provided she "absolutely and unconditionally guarantees and promises to pay" the indebtedness of Borrower.[2] *See* Commercial Guaranty, 7/31/17, at 1, Exh. B to Bank's Complaint, 8/27/20. It is undisputed that Borrower defaulted on the promissory note. Bank accelerated the full amount of the indebtedness under the terms of that note, but Appellant has failed to cure the Borrower's default as required by the guaranty contract. Bank thus demanded judgment against Appellant in the amount of $203,895.59.[3] Appellant filed a counseled answer and new matter.

---

[2] The pleadings do not explain the relationship between Appellant and Borrower.

[3] This amount included: (1) the principal balance of $190,925.38; (2) interest of $11,915.92; and (3) late fees and costs of $1,054.29. Bank's Complaint at 3.

On February 26, 2021, the trial court issued a case management order, which stated discovery shall be completed by November 30, 2021. Prior to that deadline, however, on September 16, 2021, Bank filed the underlying motion for summary judgment.

Appellant filed an answer and brief, arguing: (1) summary judgment should be denied because this matter is not ripe, where the discovery deadline had yet to pass and Appellant had not deposed Bank's corporate representative or fact witnesses; (2) the contract was unconscionable because "there is a dispute over whether [Appellant] understood the term[s] she was signing[;]" and (3) the contract was ambiguous, where Appellant believed "she merely signed a Guaranty on behalf of [B]orrower and not a personal guaranty" and the parties disagreed as to whether the contract required Bank to seek payment first from Borrower before seeking payment from the guarantor. Appellant's Brief in Opposition to Bank's Motion for Summary Judgment, 11/8/21, at 4-5 (unpaginated) (Brief in Opposition to SJ). Finally, Appellant set forth case law about the impossibility of a contract, but presented no discussion on the application of that doctrine to this case. *See id.* at 3-4. Relevant to her argument on appeal, Appellant stated elsewhere that Borrower was "in active Chapter 11 bankruptcy." Appellant's Answer to Bank's Motion for Summary Judgment, 9/20/21, at 2 (Appellant's Answer to SJ) (unpaginated).

On December 15, 2021, the trial court granted Bank's motion for summary judgment and directed judgment to be entered in its favor in the requested amount, $204,685.86. Appellant filed a motion for reconsideration, which was denied. She took a timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## II. Statement of Questions Presented

Appellant presents the following issues for our review:

1. Did the trial court abuse its discretion when it decided the Motion for Summary Judgment while discovery in this matter had yet to be completed and, as the record was incomplete, there was an absence of material facts?

2. Did the trial Court err as a matter of law when it granted [Bank's] Motion for Summary Judgment by failing to take the facts in the light most favorable to [Appellant] by:

   a. Finding the contract terms unambiguous when in fact the terms of the contract were ambiguous to the extent that [Appellant] did not understand terms of the Guaranty;

   b. Failed to find the Guaranty clause in question unconscionable because [Appellant] did not understand what she was signing, and this left [Appellant] with a lack of meaningful choice;

   c. Failing to find the contract was impossible to perform because [Borrower] had filed for Bankruptcy, and this would make performance of the Guaranty clause impossible to perform; and

   d. Failing to consider allowing parol[ ] evidence that [Appellant] thought she was signing the Guaranty on behalf of the borrower and not a personal Guaranty?

Appellant's Brief at 3-4.

- 4 -

### III.  Standard of Review &

### General Summary Judgment and Contract Principles

At this juncture, we consider the following principles.  In reviewing a challenge to the entry of summary judgment, we may disturb the trial court's order "only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary." *Pass v. Palmiero Auto. of Butler, Inc.*, 229 A.3d 1, 5 (Pa. Super. 2020) (citation omitted).  Pennsylvania Rule of Civil Procedure 1035.2 provides

> that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered.  Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.  Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* (citation omitted).

> With respect to contract interpretation, this Court has stated:

> The interpretation of any contract is a question of law and this Court's scope of review is plenary.  Moreover, "[w]e need not defer to the conclusions of the trial court and are free to draw our own inferences.  In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement."  . . .

*Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 509-10 (Pa. Super. 2013) (citations omitted).

> . . . If contractual terms are clear and unambiguous, they are deemed the best reflection of the parties' intent. If they are ambiguous, it is permissible to ascertain their meaning through parol (*i.e.*, extrinsic) evidence. Contractual terms are ambiguous "if they are subject to more than one reasonable interpretation when applied to a particular set of facts." A contract is not ambiguous, however, merely because the parties do not agree on its construction.

*Pass*, 229 A.3d at 5 (citations omitted).

### IV. Completion of Discovery

We first summarize that Appellant has averred the underlying contract is ambiguous, unconscionable, as well as impossible to perform. Although the trial court stated its reasons for denying relief on each claim, Appellant fails to address, let alone dispute, them. Instead, on appeal, Appellant merely presents the same broad claims that have been rejected by the trial court.

In her first issue, Appellant reiterates her assertion that summary judgment was premature because discovery was not completed. The sum of her argument is that there have not been any depositions, answers to interrogatories, or admissions on which she could establish a genuine issue of material fact. Appellant's Brief at 8-9. We conclude no relief is due.

In considering her argument, the trial court reviewed the discovery in this matter. As stated above, a case management order was issued on February 26, 2021, and it directed that discovery was to be completed by November 30, 2021. The court noted Appellant served Bank with interrogatories and requests to produce documents, and Bank provided its responses on April 11th. The court pointed out Appellant had not alleged any

deficiencies in Bank's responses, "never sought to extend" the discovery deadline, and did not explain why additional discovery was not taken before Bank's September 16th filing of the summary judgment motion. Trial Ct. Op., 12/15/21, at 3, 4. The court reasoned:

> [Appellant] claimed to want depositions and/or to subpoena witnesses **after** the [summary judgment] motion had been filed. There was plenty of time to do those things prior to the filing of the . . . motion, but no action was taken by [Appellant]. Furthermore, [Appellant] had not even filed a motion . . . to compel discovery. [Appellant] took no action, despite reasonable time given to complete discovery [before] the motion [was] filed. Therefore, we do not find that the [summary judgment] motion was filed prematurely.

*Id.* at 4-5 (emphasis added).

Appellant does not address, let alone dispute, any of this discussion by the trial court. She has not —in the trial court proceedings nor on appeal — identified any issue of fact that requires additional discovery. Accordingly, we do not disturb the court's well-reasoned rationale. **See Pass**, 229 A.3d at 5.

## V. Contract Ambiguity

In her second issue, Appellant avers the trial court erred in failing to take the facts in the light most favorable to her, and in not finding the guaranty clause is ambiguous. Although "[t]he guaranty clause states that [Appellant] absolutely and unconditionally guaranteed or promised to pay for [Borrower's] indebtedness[,]" Appellant posits that she believed "she was signing on behalf of the borrower and not herself." Appellant's Brief at 9, 10. She reasons that "[i]f she could have" interpreted the contract in this manner, then "another

- 7 -

person could have read the contract in the same way." *Id.* at 10. Appellant further claims that while she believes the contract requires Bank to seek payment first from Borrower before seeking payment from the guarantor, Bank denies there is such a requirement. *Id.* Appellant contends, as she did before the trial court, that contract interpretation is a factual issue for the trier of fact. *See id.*; Appellant's Brief in Opposition to SJ at 6. No relief is due.

As the trial court summarized, a guaranty is "a promise to pay the debt of another when the creditor is unable, after due prosecution, to collect the amount owed by the debtor." *See Osprey Portfolio, LLC v. Izett*, 67 A.3d 749, 755 (Pa. 2013). Here, the guaranty contract provided:

> CONTINUING UNLIMITED GUARANTY. For good and valuable consideration, [Appellant] ("Guarantor") absolutely and unconditionally guarantees and promises to pay [Bank] ("Lender") . . . the indebtedness (as the term is defined below) of [Borrower] to [Bank] on the terms and conditions set forth in this Guaranty. Under this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing.
>
> \* \* \*
>
> NATURE OF GUARANTY. The Guaranty is a guaranty of payment and not of collection. Therefore, [Bank] can insist that the Guarantor pay immediately, and [Bank] is not required to attempt to collect first from the Borrower, any collateral, or any other person liable for the indebtedness.

Commercial Guaranty at 1.

The trial court found the above terms were clear and unambiguous: "[They] set forth that [Appellant] was obligated on the debt of the Borrower."

Trial Ct. Op. at 5-6. The court rejected Appellant's reasoning that the contract was ambiguous simply because she did not understand its terms:

> [Appellant] has not identified what terms she didn't understand or that were ambiguous. Nor does the Guaranty appear to be ambiguous or difficult to understand. [Appellant's] assertion is self-serving and insufficient to overcome a motion for summary judgment.

*Id.* at 6.

Again, Appellant does not address or dispute this rationale. We agree with the court's reasoning. *See Pass*, 229 A.3d at 5 (contract is not ambiguous merely because the parties do not agree on its construction). Furthermore, Appellant is mistaken that the interpretation of a contract is an issue of fact for a jury. *See Humberston*, 75 A.3d at 509 (the interpretation of a contract is a question of law). Finally, we add that Appellant's assertion — that she was signing the guaranty contract on behalf of Borrower — is not logical. Under Appellant's reading, Borrower would contract itself to be both the borrower and guarantor of the same loan. For all the foregoing reasons, we do not disturb the trial court's findings.

## VI. Unconscionability of Contract

In her third issue, Appellant avers the trial court erred in not finding the contract was unconscionable. In support, her sole arguments are that: (1) because she "did not fully understand" the contract terms, she had no "meaningful choice as to what she signed," and (2) "the contract term was unreasonably favorable to [the] drafter because [Bank's interpretation] would

allow [Bank] to go after [Appellant] without going after [B]orrower first and to go after a significantly large sum of money." Appellant's Brief at 12. This claim is meritless.

This Court has explained:

Whether a contract is unconscionable is a matter of law. [U]nconscionability is a defensive contractual remedy that relieves a party from an unfair contract or an unfair portion of a contract. Further, in general, unconscionability has been recognized to include an absence of a meaningful choice on the part of one of the parties together with contract terms that are unreasonably favorable to the other party. "Unconscionability [does] nothing more than reaffirm the most basic tenet of the law of contracts — that parties must be free to choose the terms to which they will be bound."

*Centric Bank v. Sciore*, 263 A.3d 31, 39 (Pa. Super. 2021) (citations omitted).

"The party challenging the agreement bears the burden of proof."

*Cardinal v. Kindred Healthcare, Inc.*, 155 A.3d 46, 53 (Pa. Super. 2017).

An unconscionability analysis requires a two-fold determination: (1) that the contractual terms are unreasonably favorable to the drafter ("substantive unconscionability"), and (2) that there is no meaningful choice on the part of the other party regarding the acceptance of the provisions ("procedural unconscionability"). . . .

*Id.* (citation omitted).

The trial court correctly pointed out that in her pleadings, Appellant did not identify any contract term as allegedly unconscionable. Trial Ct. Op. at 7. Instead, she argued the contract was unconscionable solely because "there is a dispute over whether [she] fully understood the term she was signing[.]"

Appellant's Brief in Opposition to SJ at 5.[4]  To this end, Appellant failed to establish **both** prongs of an unconscionable-contract claim.  ***See Cardinal***, 155 A.3d at 53.

On appeal, Appellant asserts, for the first time, that the contract terms are "unreasonably favorable to the drafter[.]"  ***See*** Appellant's Brief at 12. Because this argument was not raised before the trial court, it is waived.  ***See*** Pa.R.A.P. 302(a).  Furthermore, the merits of such a claim are specious — that the contract is unreasonably favorable to Bank because the contract "would allow [Bank] to go after [Appellant] without going after [B]orrower first and to go after a significantly large sum of money."  ***See*** Appellant's Brief at 12.  Appellant does not explain why it would be unfair for Bank to not pursue repayment from Borrower first, and she overlooks the fact that the amount to be repaid by the guarantor is simply the amount of Borrower's debt.  We conclude no relief is due.

## VII.  Impossibility of Contract

In her fourth issue, Appellant avers the trial court erred in not finding the contract was impossible to perform.  She first claims the contract required

---

[4] Appellant's answer to the summary judgment motion did not raise any particular defense, and instead merely stated "there are a number of defenses to the formation of the contract . . . which would defeat enforceability of any contract."  Appellant's Answer to Bank's Motion for Summary Judgment, at 1-2.

Bank to seek repayment from Borrower before seeking payment from her.

Appellant's Brief at 13. She then reasons:

> [Borrower] has filed for Bankruptcy which means that as of now[, Bank] cannot go after [B]orrower for the loan. Since [Bank] cannot exhaust its remedies by going after [Borrower,] it makes the contract impossible to perform because the Guaranty against [Appellant] can never come into play.

*Id.* No relief is due.

> This Court has stated:

> Legal impossibility is defined in § 261 of the Restatement (Second) of Contracts as follows:

>> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate to the contrary.

*Felix v. Giuseppe Kitchens & Baths, Inc.*, 848 A.2d 943, 947-48 (Pa. Super. 2004), *quoting* Restatement (Second) of Contracts § 261 (1981).

In her pleadings before the trial court, Appellant merely cited case authority concerning the contract doctrine of impossibility, without presenting any legal argument. *See* Appellant's Brief in Opposition to SJ at 3-4. In another pleading, she stated Borrower was in bankruptcy petition, similarly without presenting any explanatory discussion. *See* Appellant's Answer to SJ at 2. Appellant's present line of reasoning is thus arguably waived. *See* Pa.R.A.P. 302(a).

Nevertheless, to the extent Appellant has preserved her argument, we conclude no relief is due. First, in insisting the guaranty contract required Bank to pursue repayment from Borrower first, Appellant wholly ignores the plain language of the contract:

> NATURE OF GUARANTY. The Guaranty is a guaranty of payment and not of collection. Therefore, **[Bank] can insist that the Guarantor pay immediately, and [Bank] is not required to attempt to collect first from the Borrower**, any collateral, or any other person liable for the indebtedness.

**See** Commercial Guaranty at 1 (emphasis added). The trial court found, and we agree, that this language is clear and unambiguous. **See** Trial Ct. Op. at 5. The court further pointed out that additional discovery will not change this conclusion. **Id.** at 8.

## VIII. Parol Evidence

In her final issue, Appellant avers the trial court erred in not allowing parol evidence to show she believed "she was signing the Guaranty on behalf of [B]orrower and not a personal Guaranty." Appellant's Brief at 14. She insists the "meaning of the contract term is in question," and this question "must go before a trier of fact to make that determination." **Id.** We disagree.

This Court has explained:

Pennsylvania law defines the parol evidence rule as:

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written

- 13 -

contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

The parol evidence rule seeks to preserve the integrity of a written agreement by barring the contracting parties from trying to alter the meaning of their agreement through use of contemporaneous oral declarations.

*DeArmitt v. N.Y. Life Ins. Co.*, 73 A.3d 578, 589 (Pa. Super. 2013) (citations omitted).  As stated above, parol evidence is permissible if a contract term is ambiguous, and a contract term is not ambiguous "merely because the parties do not agree on its construction." *Pass*, 229 A.3d at 5.

First, we note Appellant has not identified what parol evidence she wished to introduce.  Additionally, because the trial court found the guaranty contract terms are clear and unambiguous, it properly precluded any parol evidence as to any contrary interpretation Appellant had.  *See Pass*, 229 A.3d at 5.

Finally, the trial court considered the integration clause of the guaranty contract:

Integration.  [Appellant] further agrees that [Appellant] has read and fully understands the terms of this Guaranty[.  T]he Guaranty fully reflects [Appellant's] intentions and **parol evidence is not required to interpret the terms of this Guaranty**.  . . .

Trial Ct. Op. at 9, *quoting* Commercial Guaranty at 2.  "An integration clause stating the parties intend the writing to represent their entire agreement is a 'clear sign' the writing 'expresses all of the parties' negotiations, conversations

- 14 -

and agreements made prior to its execution.'" ***DeArmitt***, 73 A.3d at 589-90 (citation omitted).

The trial court properly pointed out Appellant raised no claim there is a genuine issue of material facts as to whether this clause "clearly set[ ] out the intent of the parties[.]" Trial Ct. Op. at 9. Appellant does not address nor dispute this discussion concerning the integration clause. Accordingly, no relief is due.

## IX. Conclusion

In sum, we determine all of Appellant's multiple challenges to the guaranty contract are meritless. Accordingly, we affirm the trial court's order granting summary judgment in favor of Bank, in the amount of $204,685.86.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

- 15 -